IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-01-74 |
| V. | § | CR. No. C-01-199 |
| | § | C.A. No. C-04-64 |
| RAMON RODRIGUEZ DISLA, | § | C.A. No. C-04-65 |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR RECONSIDERATION

Pending before the Court is Defendant-Movant Ramon Rodriguez Disla's ("Disla") motion for reconsideration, identical copies of which he has filed in both of his criminal cases, Cr. C-01-74, and Cr. C-01-199.[1] In his motion, he argues that the Court erroneously denied his § 2255 motions because both he and his "jail house lawyer" mailed in the same motion.[2] He also contends that his motion was hampered by the fact that the facility where he is being held does not provide any legal materials in Spanish.

For the reasons set forth herein, Disla's motions (Cr. C-01-74, D.E. 86; Cr. C-01-199, D.E. 57) are DENIED.

---

[1] Disla had two related criminal actions before this Court, see infra note 3, and has filed identical motions in each. Unless otherwise noted, docket references in this Order are to the primary criminal case, Cr. 01-74.

[2] The Court did not deny either of his § 2255 motions on the grounds that multiple copies of a § 2255 were filed, contrary to Disla's assertion.

1

## I. **PROCEDURAL BACKGROUND**

On March 14, 2001, Disla was charged in a one count indictment with knowingly possessing with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A). (D.E. 1). On May 10, 2001, Disla failed to appear for a scheduled rearraignment and a bench warrant was issued. (D.E. 8).[3] Disla was subsequently arrested and his case was tried to a jury, who returned a guilty verdict on March 6, 2002. (D.E. 37, 41, 47). On May 15, 2002, this Court sentenced Disla to serve 130 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and a $100 special assessment. (D.E. 52). Judgment was entered on May 17, 2002. (D.E. 53).

Disla timely appealed. (D.E. 54) The Fifth Circuit affirmed his conviction and sentence, issuing its mandate on January 29, 2003. (D.E. 73, 74). Disla filed a petition for a writ of certiorari, which was denied by the Supreme Court on May 19, 2003. Disla then filed § 2255 motions in both cases. (D.E. 75; Cr. 01-199, D.E. 48). The Court denied both motions and final judgment was entered on July 9, 2004. (D.E. 80-81; Cr. 01-199, D.E. 51-52). Disla appealed and both appeals were dismissed for lack of jurisdiction. (D.E. 82, 85; Cr. 01-199, D.E. 53, 56).

---

[3] As a result, Disla was indicted on one count of failure to appear in violation of 18 U.S.C. § 3146(a)(1), in case number Cr. 01-199. (Cr. 01-199, D.E. 1). Disla pleaded guilty to this charge (without a plea agreement) on March 5, 2002. (Cr. 01-199, D.E. 30). This Court sentenced him on May 15, 2002 to serve 18 months in the custody of the Bureau of Prisons, to be served consecutively to the sentence he received in Criminal No. 01-74. (Cr. 01-199, D.E. 34).

## II. ANALYSIS

**A.    Characterization of Motion for Reconsideration**

Disla does not identify any rule pursuant to which he challenges the Court's prior order.  Because it was filed more than ten days after entry of the judgment, Rule 59 of the Federal Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000).  Accordingly, the Court construes Disla's motion as one brought under Rule 60(b), Fed. R. Civ. P.

**B.    Rule 60(b) Standards**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Motions under Rule 60(b) are directed to the sound discretion of the district court.  Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Disla's brief motion does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b). Accordingly, his motions to reconsider (Cr. C-01-74, D.E. 86; Cr. C-01-199, D.E. 57) are DENIED.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Disla's motions to reconsider (Cr. C-01-74, D.E. 86; Cr. C-01-199, D.E. 57) are DENIED.

It is so ORDERED this 22nd day of June, 2005.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE